Treat, C. J. On a former hearing of this case, the decree of the Circuit Court was affirmed. For the facts of the case, and the reasons for that conclusion, reference is made to the report of the case, in 11 Illinois, 603. A rehearing has since been allowed, and the case is again submitted for our consideration. The opinion was expressed in the former decision, that an implied lien on land, for the payment of the purchase money, must, as against third persons, be enforced by the vendor, within a reasonable time after his right to do so attaches ; and it was by the application of that doctrine to the case, that the decree dismissing the bill was sustained. Upon further reflection, we are still strongly inclined to adhere to the principle then laid down ; but we are likewise well satisfied, that the principle ought not to be applied to this case, in the condition in which it is presented by the parties. The defendants do not, by their pleadings,- assume the position, that the complainants are not entitled to the' relief sought, because of the lapse of time between the maturity of the notes and the filing of the bill. They claim no advantage by reason of any delay or laches on the part of the complainants.In this respect, the answers are wholly silent. The only questions presented by the answers are, whether the complainants ever had a lien on the lands, and, if so, whether the defendants were purchasers with notice thereof. It is a familiar principle of equity, that a defendant cannot avail himself of the benefit of the statute of frauds, or of limitations, unless he specially relies thereon by answer, plea,- or demurrer. If he fails thus to' claim the protection of the statute, he is to be understood as waiving it. He must give the complainant an opportunity to show by averments and proof, that the case is tiot within the operation of the statute. In the present case, the objection arising from length of time, although not within the statute of limitations, is a defence of a kindred character, and subject to the same rule. The defendants did not raise the Objection in their answers, and they must be held to have waived it. If they intended to insist, on the hearing, that the complainants were barred by the lapse of time, from asserting a lien on the lands, they should have interposed the defence in their answers, or in some other appropriate mode. The complainants might then have amended their' bill, by inserting allegations accounting for the delay, and thereby laying a foundation for the introduction of proof to1 sustain the' case against the objection. As it is, they were not notified that such a defence would be attempted, and consequently they were not called upon to repel or avoid it. It may be, that they could have accounted satisfactorily for the long delay, and have shown that they were still in a situation to enforce the lien. At all events, they ought not to be concluded, until such an opportunity has been afforded them. We are also well satisfied, that the complainants, once had a lien on the lands for the payment of the purchase money, and that the defendants were chargeable with notice of its existence when they purchased. The statute, under which these lands were sold, required the school commissioner to take notes with personal security, and a mortgage on the premises, to secure the payment of the purchase money. The lands were sold on a credit of one, two, and three years, and the notes of the purchaser, with sureties, taken for the payment of the several instalments, but the commissioner omitted altogether the taking of a mortgage. Under these circumstances, we think the lien was not waived. The-purchaser did not acquire the land divested of a lien, which the law expressly provided should be reserved. See Powell v. Kettelle, 1 Gilman, 491. In such a case, there can be no doubt of the right of trustees of schools to assert a lien as against a purchaser; and we think it equally clear, that the same remedy may be pursued against those claiming under him with notice, if proceedings for the purpose are instituted within a reasonable time after the right to do so accrues. The defendants all purchased before the patents issued, and before the last of the notes became due. The certificate of purchase showed on its face, that the original purchaser had given notes for.he consideration, and the same fact appeared in the report of the sale to the county court. If the defendants had examined the sources of their title, they would at once have discovered that the lands were sold on a credit which had not then expired, and by inquiring at the proper office, they would have ascertained that the notes were still unpaid. They are chargeable with knowledge of every thing appearing on the face of the title papers, and of the records relating to the sale. The decree of the Circuit Court dismissing the bill, so far as it seeks to enforce a lien against the lots conveyed by the original purchaser to John S. Wright, is reversed; and the cause is remanded, with leave to the parties to amend their pleadings. Decree reversed.